UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARREL DEON HARVEY,

    Petitioner,

v.                                                                    Case No. 4:24cv3-MW-HTC

RICKY DIXON,
FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Darrel Deon Harvey, *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in Leon County Case 2017 CF 526.[1] Doc. 1. After considering the petition, the record, the Secretary's response, Doc. 20, and Harvey's reply, Doc. 23, the undersigned finds the petition should be DENIED without an evidentiary hearing and all pending motions should be terminated as MOOT.

I.   **BACKGROUND**

Harvey was arrested in a sting operation known as Operation Cupid's Arrow in Leon County in 2017, after he engaged in online sexual discussions with, and

---

[1] Harvey was released on December 7, 2020. *See* Florida Department of Corrections, Offender Network, available at https://fdc.myflorida.com/offenderSearch/. However, because he is still on sex offender probation until 2025, the in-custody requirement for habeas relief is satisfied. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("the custody requirement may be met where a § 2254 petitioner is on probation, parole, or bail"); *Hamner v. Deputy of Sec'y of Fla. Dep't of Corr.*, 438 F. App'x 875, 877 (11th Cir. 2011) (holding petitioner who remained subject to sex offender probation satisfied the in-custody requirement).

attempted to meet, an undercover agent posing as a 14-year-old child. *See* Trial Tr. Doc. 21-4 at 114. The State charged him with traveling to meet a minor (Count 1); soliciting a child for unlawful sexual conduct using a computer service or electronic device (Count II), and tampering with physical evidence (Count III). Doc. 21-3 at 32. A jury found him guilty of all three counts and, on June 14, 2018, the court sentenced Harvey to 36 months' imprisonment followed by 5 years' sex offender probation.² Doc. 21-3 at 745.

Harvey filed a direct appeal of his judgment and conviction to the First District Court of Appeals ("First DCA"), which affirmed without a written opinion on October 13, 2020. *Harvey v. State*, 304 So. 3d 289 (Fla. 1st DCA 2020); Case No.: 1D18-2729. Because Harvey did not seek review in the United States Supreme Court, his conviction became final 90 days later, on January 11, 2021. *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires). However, Harvey's time to file the instant petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),³ 28 U.S.C. § 2254, did not start on that

---

² At sentencing, Count II (soliciting a minor for sex using a computer) was dismissed as subsumed under Count I.

³ Under the AEDPA a petition for habeas relief must be filed within one year of certain trigger dates – the pertinent one here being one year from final judgment. 28 U.S.C. § 2244(d)(1)(A). Properly filed post-conviction motions, such as a motion under Florida Rule of Criminal Procedure 3.850, will toll the limitations period until the motion is fully resolved. *Id.* at § 2244(d)(2).

date and had not even started to run before Harvey filed the instant petition because of several pending post-conviction motions which tolled the statute of limitations period.[4] Thus, the undersigned agrees with the Respondent that the petition is timely.

## II. LEGAL STANDARDS

### A. The AEDPA

Under the AEDPA, which governs a state prisoner's petition for habeas corpus relief, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014). "Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.* A decision is "contrary to" clearly

---

[4] Harvey filed dozens of postconviction motions and petitions in state court -- so many, in fact, that both the circuit court and appellate court barred him from further *pro se* filings. *See* Doc. 458 in 2017 CF 526 (Feb. 21, 2023) ("Defendant is BARRED from filing future pro se pleadings in the above filed case.") and Order in 1D2023-0476 (Feb. 16, 2024), Doc. 21-41 ("Because Appellant's repetitious, frivolous filings have become an abuse of the legal process, we bar him from future pro se filings in this Court related to the judgment and sentence in Leon County Circuit Court case number 2017-CF-0526.").

Case No. 4:24cv3-MW-HTC

established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

One of Harvey's grounds for relief is premised on ineffective assistance of counsel ("IAC"). An IAC claim requires a showing that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different.

Case No. 4:24cv3-MW-HTC

*Strickland v. Washington*, 466 U.S. 668, 689 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. The defendant bears the burden of proving that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688-89.

*Strickland*'s prejudice prong requires a petitioner to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. The petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations the petitioner was prejudiced by counsel's performance are not enough. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

### III. DISCUSSION

For the reasons discussed below, the undersigned finds all grounds for relief have been procedurally defaulted.

#### A. Grounds One through Four Have Not Been Exhausted

In Grounds One, Two, and Three Harvey argues he was deprived of his due process rights because the charging language in Count I of the Amended Information varied from the language for the offense of traveling to meet a minor as set forth in

Fla. Stat. § 847.0135(4)(a).[5] In Ground Four Harvey argues the trial court violated the prohibition against *ex post facto* laws by allowing the jury to interpret what the language of the Amended Information meant. Harvey, however, cannot recover on these grounds for relief because they are unexhausted. Specifically, Harvey failed to present these claims as federal claims in the state courts.

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including appellate review), thereby alerting each court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The petitioner must

---

[5] **Fla. Stat. § 847.0135(4) Traveling to meet a minor.--**Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
  (a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; or to
  (b) …
commits a felony of the second degree.

Case No. 4:24cv3-MW-HTC

alert the state court to the federal nature of the claim, and failing to do so deprives the state court of a meaningful opportunity to review the claim. *See Baldwin*, 541 U.S. at 29; *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004) (a petitioner cannot "scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.").

In the petition, Harvey claims he exhausted Grounds One through Four by raising each ground for relief as a federal issue on direct appeal. However, a review of the Initial Brief on direct appeal shows otherwise. Of the four arguments Harvey made in his direct appeal, only the first comes even remotely close to Grounds One through Four. In that first argument, Harvey contends "[t]he trial court failed to dismiss a defective information, failed to grant a judgment of acquittal and subsequently erroneously instructed the jury based on the language the State chose to use in the charging document."[6] Doc. 21-6 at 2. However, in presenting this

---

[6] The other grounds raised in the direct appeal are as follows:
II. The trial court erred in denying Harvey's motion for judgment of acquittal where the State established only that Harvey may have deleted evidence existing in the memory of his cellular telephone, and the evidence resided elsewhere.
III. Fundamental sentencing error occurred when the trial court took Harvey's protestations of innocence into account immediately prior to imposing sentence.
IV. The trial court committed sentencing error in imposing inappropriate special conditions of probation. Doc. 21-6 at 2.

argument to the state court, Harvey relied exclusively on state law and made only brief, unsupported references to federal rights.

Harvey cites and discusses only Florida cases and relies on the Florida Statutes, Florida Rules of Criminal Procedure, and the Florida Constitution as the basis for relief. The only reference Harvey makes to federal law is when he claims to have been "denied his constitutional right to a fair trial [under] U.S. Const. amend. V & XIV" and "right to due process." Harvey has not fairly presented his federal claims to the state courts. *See McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005) (bare references to the federal constitution are "exactly the type of 'needles in the haystack'" that the Eleventh Circuit has previously held are insufficient to satisfy the exhaustion requirement). Indeed, Harvey's reference to due process rights could be interpreted as referring to those rights under the state, rather than the federal constitution. *See Napier v. Sec'y, Dep't of Corr.,* 2024 WL 2293172, at *2 (M.D. Fla. May 21, 2024) (citing *Preston v. Sec'y, Fla. Dep't Corrs.*, 785 F.3d 449, 460 (11th Cir. 2015) ("[S]imply mentioning a phrase common to both state and federal law, like 'sufficiency of the evidence,' cannot constitute fairly presenting a federal claim to the state courts.")). Moreover, in the instant petition, Harvey contends the discrepancies between the charging language for Count One and the language of the offense statute violated his Sixth, Fourth, and First Amendment rights and the prohibition against *ex post facto* laws. However, Harvey failed to mention any of those amendments or federal law in his direct appeal.

Case No. 4:24cv3-MW-HTC

Harvey also claims he exhausted each Ground through a different postconviction motion or petition. He did not. The undersigned has reviewed the post-conviction Florida Rule 3.850 motions and appeals of those motions relied on by Harvey and finds that, as with the direct appeal of his judgment and conviction, he relied solely on state law and made only passing, vague, and barebones references to the federal constitution. Thus, those motions were insufficient to exhaust these grounds for relief.

Likewise, Harvey also did not exhaust these grounds for relief in his state Petition for Writ of Habeas Corpus because the First DCA summarily dismissed Harvey's claims on an adequate and independent state procedural ground – namely, that the claims should have been raised on direct appeal or a 3.850 motion. *See* First DCA Case No.: 1D2021-0603, *see e.g., Baker v. State*, 878 So. 2d 1236 (Fla. 2004) (requiring dismissal of state habeas petitions raising issues that could have been raised on direct appeal or in a 3.850 motion).

When a prisoner fails to raise his federal claim in compliance with state procedures, and the state court rejects the claim on an adequate state ground independent of the federal question (such as a state-law procedural bar), the federal court must apply the doctrine of procedural default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 & n.1 (1991) (federal habeas courts will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default); *Caniff v. Moore*, 269 F.3d 1245,

1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). The Eleventh Circuit has held that the rule from *Baker* is adequate to support procedural default because it is firmly established and regularly followed by the Florida courts. *Cargile v. Sec'y, Dep't of Corr.*, 349 F. App'x 505, 507-08 (11th Cir. 2009) (claims raised in state habeas petitions that were dismissed under *Baker* as unauthorized were procedurally defaulted from federal habeas review).

The petition, therefore, should be denied as to Grounds One, Two, Three, and Four for failure to exhaust.

> **B.    Grounds and Five and Six Were Rejected By the State Courts on Independent State Procedural Grounds and thus are Procedurally Defaulted**

In Ground Five, Harvey argues the Florida Supreme Court erred in denying his Emergency Petition for Writ of Habeas Corpus, Doc. 21-44, as such denial violated his rights to procedural due process. Doc. 1 at 12; *see* Case No.: SC2023-0820.

First, he argues the Florida Supreme Court did not consider his argument because of the bar on *pro se* filings imposed on him due to repeated frivolous filings. *See supra,* fn. 4. This contention is belied by the record. Although the Florida Supreme Court determined the Petition was unauthorized and procedurally barred, it did not do so because of the bar on *pro se* filings. Instead, it did so because "[a] petition for extraordinary relief is not a second appeal and cannot be used to litigate

Case No. 4:24cv3-MW-HTC

or relitigate issues that were or could have been raised on direct appeal or in prior postconviction proceedings." *See Harvey v. Dixon*, SC2023-0820, 2023 WL 4876095, at *1 (Fla. Aug. 1, 2023).

In Harvey's second argument, he claims such procedural bars violate the Federal Constitution because newly discovered evidence claims[7] cannot be addressed on direct appeal and therefore should be allowed on postconviction review. Doc. 1 at 12. However, the Eleventh Circuit has repeatedly held that "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004); *see also Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1325 (11th Cir. 2010); *Carrol v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009). Rather, "[f]ederal habeas relief is available to remedy defects in a defendant's conviction and sentence," and "[a] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself." *Alston*, 610 F.3d at 1325–26 (quotations omitted). Therefore, Harvey is not entitled to habeas relief on Ground Five.

In Ground Six, Harvey argues the trial court erred in admitting collateral crimes evidence without adequate jury instruction. Harvey raised this claim in a Rule 3.850 motion, which was denied on November 20, 2020. Doc. 1 at 14-15. The

---

[7] Notably, Harvey does not rely on any newly discovered evidence but instead relies on a decision from this Court, *United States v. Walker* (Case No. 3:21cr59/MCR), which he contends "recognized that not all offenses in Chapter 827 are sexual offenses [and] supports the argument that Mr. Harvey's conviction may not fall within the scope of sexual offenses." Doc. 21-44 at 6.

Case No. 4:24cv3-MW-HTC

circuit court denied the claim because it was not cognizable in a 3.850 motion and should have been brought on direct appeal.  *See* Order Denying Defendant's Motion to Vacate Sentence (November 20, 2020), Doc. 1 at 46.  The Florida rule barring post-conviction review of an issue that could have been raised on direct appeal has been found by the Eleventh Circuit to be an adequate and independent state ground.  *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005) (3.850 Court's refusal to consider the defendant's issues that could have been raised on direct appeal as procedurally barred rested on an independent and adequate state ground that precludes federal habeas consideration of this issue.).

As discussed in Subsection III.A., above, because the State courts denied relief on Grounds Five and Six based on an independent State procedural ground, this Court must apply the doctrine of procedural default just as the State court did.  *See Coleman*, 501 U.S. at 734-35.  Harvey is, thus, not entitled to habeas relief on Grounds Five and Six.

    C.    **Ground Seven is not Exhausted**

In Ground Seven, Harvey argues the State court violated his right to a speedy trial.  Doc. 1 at 16.  He checked "Yes" that he raised this claim on direct appeal and in a Notice of Speedy Trial denied on February 2, 2018.  *Id.* at 16-17.  A review of the record, however, shows that Harvey has failed to exhaust this issue.

As stated above, in Harvey's direct appeal, he raised four issues.  *See* Doc. 21-6 at 2.  None of those issues relate to the speedy trial issue he now raises.  *See*

Case No. 4:24cv3-MW-HTC

*supra,* fn. 6.  Second, the Notice of Speedy Trial he references, filed on January 25, 2018, Doc. 21-3 at 195, which was denied in open court on January 31, 2018, *id.* at 287, did not exhaust this issue because Harvey never appealed that ruling or challenged it in a postconviction motion.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").   Therefore, Harvey is not entitled to federal relief on Ground Seven.

    **D.**    **Ground Eight is not Exhausted**

In Ground Eight, Harvey argues that the "overly broad scope" of the courts' interpretation of the statute "stifles all sexually oriented communications . . . involving 'any persons' and minors" in violation of the First Amendment.  Doc. 1 at 18.  He admits he did not raise this issue on direct appeal, but claims he exhausted it in Ground Three of a November 12, 2020 Rule 3.850 motion filed in circuit court.  Doc. 21-13.  He is wrong.

In Ground Three of that Rule 3.850 motion, Harvey argues the State committed a *Brady* violation when the prosecutor asserted in closing that Harvey had violated the statute when he solicited a person he thought to be a minor to "flash" him by telling her to wear "no bra, and if you're brave no panties." *Id.* at 10.  Harvey argues this was a *Brady* violation because "the prosecutor intentionally withheld information regarding the state's theory of prosecution from the defense for the sole

purpose of introducing character based evidence to obtain a conviction." *Id.* at 10. He contends that if he had known this was the State's theory, he could have argued the language was not lewd and was "speech protected by the First Amendment." *Id.*

Harvey's claim in Ground Three was clearly one based on a *Brady* violation, which is not the same claim he makes here. Indeed, the single reference to the First Amendment is too slight to fairly present the freestanding First Amendment claim he now makes. It does not give the State court notice that he is arguing the statute stifles free speech and cites no federal cases discussing when the interpretation of a state statute can violate the First Amendment by stifling free speech. Therefore, Harvey did not give the State an "opportunity to pass upon and correct" this alleged violation of the First Amendment. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

### E. Ground Nine is not Exhausted

In his final claim, Harvey argues his appellate counsel was ineffective for allowing non-binding dicta from *Hartley* to be used as precedent in his case without challenge and for not filing certain pleadings. Doc. 1 at 20. Harvey states that he exhausted this claim by raising it in his Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel ("IAAC Petition"). *Id.* He did not.

In his IAAC Petition, Doc. 21-29, he did not mention *Hartley* at all, much less explain how the trial court relied upon the case or why the relied-upon part of the

case was dicta or how that prejudiced him. Also, none of the four issues he raised in the IAAC petition appear to involve *Hartley*.

In *Hartley*, the Fourth DCA found that sufficient evidence supported defendant's convictions for using a computer to solicit a minor, but held that the conviction for using a computer to solicit a minor and the conviction for traveling to meet a minor for an unlawful sexual act, both based on the same events that occurred on a single day, violated double jeopardy. *Hartley*, 129 So.3d at 489-91. Nothing in *Hartley* relates to the following four issues raised in the IAAC Petition, which were: (1) failure to argue for exclusion of the *Williams* rule evidence and absence of instructions on *Williams* rule evidence, *id.* at 9; (2) failure to address trial counsel's failure to assert a good-faith defense, *id.* at 17; (3) failure to argue fundamental error of trial court in denying evidentiary hearing on the good-faith immunity argument, *id.* at 26; and (4) failure to argue that Petitioner was fundamentally entitled to an evidentiary hearing on good-faith immunity, *id.* at 4.

By failing to even mention *Hartley* in the IAAC Petition, much less make any arguments relating to the trial court using its holdings, Harvey failed to give the State the "opportunity to pass upon and correct" this alleged instance of ineffective assistance of appellate counsel. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Therefore, Harvey is not entitled to relief on Ground Nine.

### F. All Grounds Are Procedurally Defaulted

For the reasons given above, Harvey failed to exhaust any of his claims. Moreover, because the time for appeal has passed (and any such appeal would be denied as successive) and Harvey has already filed a rule 3.850 motion in state court, he would be procedurally barred from asserting any of his claims now in a successive motion for postconviction relief. *See Franklin v. State,* 923 So. 2d 1199 (Fla. 3d DCA 2006) ("[W]e affirm finding that the claims raised could have been raised in the defendant's first motion for postconviction relief, and are, therefore, procedurally barred."); *Boyer v. Crews*, 3:12CV604/RV/CJK, 2014 WL 7251558, at *21 (N.D. Fla. Dec. 16, 2014) ("Florida's rule prohibiting the filing of successive postconviction motions is firmly established and regularly followed, and is adequate to support the state court's judgment.").

Therefore, because it would be futile for Harvey to return to state court to attempt to exhaust his federal constitutional claims, they are all procedurally defaulted. *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."); *see also Hittson v. GDCP Warden,* 759 F.3d 1210, 1260 (11th Cir. 2014).

Additionally, Harvey has abandoned any claim of cause and prejudice or actual innocence pertaining to his claims by failing to raise them in his petition.

Case No. 4:24cv3-MW-HTC

*Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1312–13 (11th Cir. 2012) (finding petitioner's claims procedurally barred and not excused because "he has made no attempt to demonstrate cause for—or prejudice from—his default" and "cannot obtain relief without properly supporting a claim of actual innocence"); *Rules Governing Habeas Corpus Cases Under Section 2254*, Rule 2(b) ("The motion must (1) specify all the grounds for relief available to the moving party" and "(2) state the facts supporting each ground").

## IV.     CONCLUSION

### A.     Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). Additionally, this Court must consider the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See id*.

### B.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Harvey*, Leon County, Florida, Case Number 2017 CF 526, Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That Petitioner's Renewed Motion to Expedite Consideration of Habeas Petition and for Immediate Declaratory Judgment (Doc. 26), Emergency Motion for Partial Summary Judgment (Doc. 27), Request for Immediate Ruling (Doc. 28), and Motion for Ex Parte Relief Including Request for Temporary Restraining Order (Doc. 29) be DENIED as MOOT.

4. That the clerk be directed to close the file.

Case No. 4:24cv3-MW-HTC

At Pensacola, Florida, this 11th day of July, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.